# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS, CDCR #V-96203,<br><br>Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER; MATTHEW CATE; LARRY SCRIBNER; JOSE BUILTEMAN; J. SANDOVAL; T. CANADA; K. BALL,<br><br>Defendants. | Civil No.   10cv1305 JAH (NLS)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS,* IMPOSING NO PARTIAL FILING FEE AND GARNISHING $ 350 BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a);**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**(3) DENYING MOTION FOR PERMANENT INJUNCTION; AND**<br><br>**(4)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Condalee Morris ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding in pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.   In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP"), along with a Motion for Appointment of Counsel and a "Request for Court to Grant the Permanent Injunction." [Doc. Nos. 2-4.]

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 3]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A

1 finding of exceptional circumstances requires an evaluation of both the 'likelihood of success
2 on the merits and the ability of the plaintiff to articulate his claims pro se in light of the
3 complexity of the legal issues involved.' Neither of these issues is dispositive and both must be
4 viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328,
5 1331 (9th Cir. 1986)).

6 The Court denies Plaintiff's request without prejudice, as neither the interests of justice
7 nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*,
8 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.
### MOTION FOR PERMANENT INJUNCTION

11 Plaintiff has filed a "Request for Court to Grant Permanent Injunction." [Doc. No. 4].
12 Rule 65 of the Federal Rules of Civil Procedure provides that "the court may issue a preliminary
13 injunction only on notice to the adverse party." FED.R.CIV.P. 65(a). As a preliminary matter,
14 Plaintiff's Motion for Injunction does not comply with Rule 65(a)'s important procedural notice
15 requirement. Here, Plaintiff has not demonstrated that his Complaint, or his Motion have been
16 served on any named Defendant. And while Defendants, as employees of the CDCR, may
17 ultimately be represented by counsel in this matter, there has been no appearance on any
18 Defendant's behalf by counsel at this preliminary stage of the proceedings.

19 Plaintiff's Motion does not comply with this elemental procedural requirement of Federal
20 Rule of Civil Procedure 65(a). Thus, the Court must **DENY**, without prejudice, Plaintiff's ex
21 parte Motion for Preliminary Injunction [Doc. No. 4] pursuant to FED.R.CIV.P. 65(a).

## IV.
### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

24 The PLRA also obligates the Court to review complaints filed by all persons proceeding
25 IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused
26 of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
27 conditions of parole, probation, pretrial release, or diversionary program," "as soon as
28 practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these

provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### A. 42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

### B. Rule 8

As a preliminary matter, the Court finds that Plaintiff's Complaint fails to comply with Rule 8. Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2). Here, Plaintiff's Complaint is very disjointed and contains very little factual allegations. While the Complaint need not contained detailed factual allegations "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted.) Plaintiff does attach a variety of documents as Exhibits to his Complaint but if he chooses to amend, he must state the grounds upon which he brings this action and the factual allegations to support each claim.

### C. Eighth Amendment Inadequate Medical Care Claims

Here, Plaintiff claims that he was "denied and delayed medical care" for a period of five days. Compl. at 3. Plaintiff alleges that during these five days he complained of "chest pain, shortness of breath, and pain in his lower back area," along with blood in his urine and stool. *Id.* Plaintiff also claims that he should be prescribed medical marijuana for his glaucoma. *Id.* at 11.

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical

needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989). To be liable, prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Nowhere in Plaintiff's allegations does he identify any one of the named Defendants as having been aware of his medical condition from September 6 to September 10th. Plaintiff does allege that he was examined by unnamed medical personnel on September 11, 2009 but the documents attached to Plaintiff's Complaint identify medical personnel other than the Defendants identified in the Complaint. Thus, there are simply no facts to construe a claim of deliberate indifference by the named Defendants to Plaintiff's alleged serious medical needs.

Further, Plaintiff's claims that Defendants refused to provide him with medical marijuana fails to rise to the level of an Eighth Amendment violation. A mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). If Plaintiff is attempting to allege that there was a delay in treatment, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.")

### D. Respondeat Superior

Plaintiff names Governor Arnold Schwarzenegger, Secretary of the CDCR Matthew Cate, Warden Larry Scribner and Associate Warden Jose Builteman as Defendants in this matter but

fail to set forth any specific factual allegations with regard to these Defendants in the body of Plaintiff's Complaint. Thus, it appears that Plaintiff seeks to hold these Defendants liable in his supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against these Defendants.

### E. Supplemental State Law claims

Plaintiff also seeks relief under a number of state law claims. However, because the Court dismisses all federal claims in the Complaint, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1995) (generally, dismissal of federal claims before trial dictates that state pendent claims should be dismissed.) These claims are dismissed without prejudice to Plaintiff to either pursue in state court or amend his Complaint to correct the deficiencies noted in this Order.

/ / /

/ / /

1  Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim
2  upon which relief may be granted , and is therefore subject to dismissal pursuant to 28 U.S.C.
3  §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend
4  his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint
5  fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and
6  without leave to amend.

## V.

### CONCLUSION AND ORDER

9  Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

10  1.  Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED** without
11  prejudice.

12  2.  Plaintiff's Motion for Injunctive Relief is **DENIED** without prejudice pursuant to
13  FED.R.CIV.P. 65(a) [Doc. No. 4].

14  3.  Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is
15  **GRANTED**.

16  4.  The Secretary of California Department of Corrections and Rehabilitation, or his
17  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
18  owed in this case by collecting monthly payments from the account in an amount equal to twenty
19  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
20  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
21  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
22  ASSIGNED TO THIS ACTION.

23  5.  The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
24  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
25  Sacramento, California 95814.

26  / / /
27  / / /
28  / / /

1  **IT IS FURTHER ORDERED** that:

2  6. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

7. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: August 25, 2010

_____
**HON. JOHN A. HOUSTON**
United States District Judge