1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

CONDALEE MORRIS,
CDCR #V-96203,

Plaintiff,

vs.

ARNOLD SCHWARZENEGGER;
MATTHEW CATE; LARRY SCRIBNER;
JOSE BUILTEMAN; J. SANDOVAL;
T. CANADA; K. BALL,

Defendants.

Civil No.    10cv1305 JAH (NLS)

**ORDER:**

**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL; and**

**(2)  DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

13
14
15
16
17
18
19
20
21

## I.

22

### Procedural History

23

On June 17, 2010, Condalee Morris ("Plaintiff"), a state prisoner currently incarcerated

24

at Calipatria State Prison located in Calipatria, California, and proceeding in pro se, filed a civil

25

rights Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff filed a Motion to Proceed

26

*In Forma Pauperis* ("IFP"), along with a Motion for Appointment of Counsel and a "Request

27

for Court to Grant the Permanent Injunction." [Doc. Nos. 2-4.]

28

/ / /

On August 25, 2010, the Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion for Appointment of Counsel, denied Plaintiff's Motion for Permanent Injunction and sua sponte dismissed his Complaint for failing to state a claim.  *See* Aug. 25, 2010 Order at 7-8.  Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court.  *Id.* at 8.  On September 23, 2010, Plaintiff filed his First Amended Complaint ("FAC").

## II.

### MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 12]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### A.   42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

### B.   Eighth Amendment Inadequate Medical Care Claims

Here, once again, Plaintiff claims that he was "denied and delayed medical care" for a period of five days.  FAC at 7.  Plaintiff alleges that during these five days he complained of "chest pain, shortness of breath, and pain in his lower back area, along with blood in his urine and stool." *Id.*

As the Court previously informed Plaintiff, in order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989).  To be liable, prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

/ / /

/ / /

1    While Plaintiff alleges that he was denied medical treatment for five days, there are no

2    facts in the First Amended Complaint from which the Court can determine whether he has

3    suffered any injury as a result of the Defendants alleged delay in providing treatment.  *See*

4    *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner

5    can make "no claim for deliberate medical indifference unless the denial was harmful.")

6    Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim upon

7    which relief may be granted.

8    **C.    Supplemental State Law claims**

9    Plaintiff also seeks relief under a number of state law claims.  However, because the

10   Court dismisses all federal claims in the First Amended Complaint, the Court declines to

11   exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3);

12   *see also Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1995) (generally, dismissal of federal

13   claims before trial dictates that state pendent claims should be dismissed.)  These claims are

14   dismissed without prejudice to Plaintiff to either pursue in state court or amend his First

15   Amended Complaint to correct the deficiencies noted in this Order.

16   Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a

17   section 1983 claim upon which relief may be granted , and is therefore subject to dismissal

18   pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an

19   opportunity to amend his pleading to cure the defects set forth above.  Plaintiff is warned that

20   if his amended complaint fails to address the deficiencies of pleading noted above, it may be

21   dismissed with prejudice and without leave to amend.

22   **IV.**

23   **CONCLUSION AND ORDER**

24   Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

25   1.    Plaintiff's Motion for Appointment of Counsel [Doc. No. 12] is **DENIED** without

26   prejudice.

27   / / /

28   / / /

**IT IS FURTHER ORDERED** that:

2.      Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

3.      The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  October 6, 2010         _____

**HON. JOHN A. HOUSTON**
United States District Judge