# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS, CDCR #V-96203,<br><br>                              Plaintiff,<br><br>vs.<br><br>J. SANDOVAL; T. CANADA; M. BOOTH; L. MATTHEWS,<br><br>                              Defendants. | Civil No.    10cv1305 JAH (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**(2)  DISMISSING DEFENDANTS SCHWARZENEGGER; MATTHEW CATE; LARRY SCRIBNER; AND JOSE BUILTEMAN; and**<br><br>**(3)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT PURSUANT TO Fed.R.Civ.P. 4(c)(3) &  28 U.S.C. § 1915(d)** |

## I.
## Procedural History

On June 17, 2010, Condalee Morris ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"), along with a Motion for Appointment of Counsel and a "Request for Court to Grant the Permanent Injunction." [Doc. Nos. 2-4.]

On August 25, 2010, the Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion for Appointment of Counsel, denied Plaintiff's Motion for Permanent Injunction and sua sponte dismissed his Complaint for failing to state a claim. *See* Aug. 25, 2010 Order at 7-8. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 8. On September 23, 2010, Plaintiff filed his First Amended Complaint ("FAC"), along with a second Motion for Appointment of Counsel. The Court, once again, conducted a sua sponte screening and dismissed Plaintiff's First Amended Complaint for failing to state a claim.

On October 28, 2010, Plaintiff filed a Second Amended Complaint, along with his third Motion for Appointment of Counsel. In his Second Amended Complaint he no longer names Schwarzenegger, Cate, Scribner or Builteman as Defendants. Thus, Defendants Schwarzenegger, Cate, Scribner and Builteman are **DISMISSED** from this action. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.)

## II.

### **MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 15]**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

///

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.
### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As discussed in the previous Orders, because Plaintiff is proceeding IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must also review his Amended Complaint sua sponte before service, and dismiss the entire action, or any part of his Amended Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's

pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### IV.
#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Defendants Schwarzenegger, Cate, Scriber and Builteman are **DISMISSED** from this action.

2. Plaintiff's Motion for Appointment of Counsel [Doc. No. 15] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that:

3. The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint [Doc. No. 14] upon the remaining Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's August 25, 2010 Order granting Plaintiff leave to proceed IFP [Doc. No. 7], and certified copies of his Second Amended Complaint and

the summons for purposes of serving each Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the Second Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

4. Defendants are thereafter **ORDERED** to reply to Plaintiff's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

5. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service.  Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: January 3, 2011

_____
HON. JOHN A. HOUSTON
United States District Judge